# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JAMIE L. BAKER,**

    **Plaintiff,**

**v.**                                                                 **CASE NO:**

**SIMS CRANE & EQUIPMENT CO.,**

    **Defendants**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMIE L. BAKER, (hereinafter "Plaintiff" or "Ms. Baker"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, SIMS CRANE & EQUIPMENT CO. (hereinafter "Defendant," "SIMS") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination and retaliation based on her race, national origin, sex, and disability in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations; the Americans with

Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.; the

Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"); the

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); and applicable

Florida whistleblower protection statutes.

2.     As further set forth below, Plaintiff alleges that Defendant

unlawfully discriminated against her and altered the terms, conditions, and

privileges of her employment because of her race (biracial Chinese/Italian),

national origin, sex (female), and disability (traumatic brain injury), and

retaliated against her for engaging in protected activity including reporting

violations of law and policy in violation of her rights under Title VII, the

ADA, the FCRA, and applicable whistleblower protection laws. Plaintiff

further alleges that Defendant violated the FLSA by failing to pay proper

wages and overtime compensation.

3.     As a direct and proximate result of Defendant's unlawful actions,

Plaintiff has suffered actual damages including: loss of income, loss of

opportunity for future income, loss of benefits, loss of future pay increases,

and unpaid wages and overtime compensation. In addition, she has suffered

and continues to suffer loss of her professional and personal reputation,

emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.    This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## **PARTIES**

8.     Plaintiff is JAMIE L. BAKER, a 38-year-old biracial Chinese/Italian female who has been diagnosed with a traumatic brain injury sustained in January 2015, which causes migraines and other neurological symptoms requiring workplace accommodations.

9.     Plaintiff is a member of a class protected against discrimination and retaliation based on her race, national origin, sex, and disability under Title VII, the ADA, the FCRA, and applicable whistleblower protection statutes.

10.     During the period from January 9, 2024, until February 3, 2025, Defendant employed Plaintiff as Human Resources Manager.

11.     At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.     At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, the ADA, the FCRA, the FLSA, and applicable Florida whistleblower protection laws.

13.     The Defendant, SIMS CRANE & EQUIPMENT CO., is a company with its principal place of business located at 1219 US Highway

301 North, Tampa, FL 33619, Hillsborough County, Florida.

14.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, employing over 700 employees total with more than 100 employees within 75 miles of Plaintiff's work location.

15.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, the ADA, the FCRA, the FLSA, and applicable Florida whistleblower protection laws.

16.    Accordingly, Defendant is liable under Title VII, the ADA, the FCRA, the FLSA, and applicable Florida whistleblower protection laws for the unlawful discrimination, retaliation, and wage violations to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.    On February 10, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations

("FCHR") against Defendant alleging, among other things, race, sex, national origin, and disability discrimination as well as retaliation.

19.    On August 27, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2025-01746) against Defendant.

20.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    Ms. Baker is a biracial Chinese/Italian female who sustained a traumatic brain injury in January 2015, which causes migraines and other neurological symptoms that substantially limit one or more of her major life activities, including neurological functions and working.

23.    Ms. Baker's disability requires workplace accommodations

including the ability to work remotely or on a hybrid schedule, breaks for medical appointments, and modifications to her work environment to manage migraine symptoms.

24.    On January 9, 2024, Defendant hired Ms. Baker as Human Resources Manager at an annual salary of $120,000. During the interview process, Dana Gavanditti (Director of Human Resources and Compliance) and Deborah Weber (CEO) explicitly inquired about an employment gap on Ms. Baker's resume related to medical leave, making them aware of her disability status from the outset of her employment.

25.    Throughout her employment, Ms. Baker worked an average of 55 hours per week and reported directly to Dana Gavanditti. Ms. Baker maintained excellent performance throughout her employment, receiving no prior performance warnings, accountability forms, performance improvement plans, or disciplinary actions. She received a $3,000 year-end bonus in 2024.

26.    Despite her excellent performance, Ms. Baker was subjected to disparate treatment based on her race, national origin, sex, and disability from the beginning of her employment. Ms. Baker's disability was explicitly discussed in multiple one-on-one meetings and HR team meetings with

Dana Gavanditti.

27.    Ms. Baker repeatedly requested reasonable accommodations for her disability, including the ability to work remotely or on a hybrid schedule, and flexibility to attend medical appointments. These requests were consistently denied by Dana Gavanditti, who forced Ms. Baker to work in the office even when she needed accommodations for her disability.

28.    Throughout 2024 and early 2025, Ms. Baker had 13 documented medical appointments where accommodation was denied. On the following dates, Ms. Baker was forced to reschedule medical appointments when Dana was "sick" to ensure manager presence in the office, or was forced to work despite having medical appointments: April 4, 2024; May 20, 2024; September 12, 2024; September 19, 2024; October 16, 2024; October 23, 2024; October 31, 2024; November 1, 2024; November 11, 2024; November 14, 2024; December 18, 2024; December 30, 2024; and January 9, 2025.

29.    Ms. Baker was forced to work through lunch breaks every day despite her disability needs, which exacerbated her symptoms and interfered with her ability to manage her traumatic brain injury and related migraines.

30.    Despite denying Ms. Baker's requests for remote work

accommodations, Defendant permitted numerous other employees to work remotely without any accommodation requests, demonstrating discriminatory enforcement of workplace policies. These employees included: Angela York (Compliance Manager), Jennifer Velez (Worker's Compensation Specialist with a hybrid schedule of 3 days remote, 2 days in office), Dana Gavanditti herself, Mayra Nolasco, Robert Harris, Christy Schroeder, Jessica Souders, Tonya Scott (who also did not work Fridays), Aisha Azevedo, Ally Seeger, Amy Connor (permanently remote), Craig Moody (fully remote), and Stacey Brown (fully remote).

31.    Defendant had no written policy outlining eligibility for remote work without accommodation, yet consistently denied Ms. Baker's disability-related accommodation requests while granting similar arrangements to non-disabled employees.

32.    On August 9, 2024, Ms. Baker was the victim of domestic violence. On August 12, 2024, she disclosed this situation to Dana Gavanditti, providing a police report case number and domestic violence pamphlet as documentation.

33.    Ms. Baker requested a one-week leave of absence to safely relocate pursuant to Florida Statute 741.28, which provides job-protected

leave for domestic violence victims. Dana Gavanditti denied this request, despite the legal protections afforded to domestic violence victims under Florida law.

34.    Ms. Baker also requested accommodations for medical appointments, relocation time, and therapy related to the domestic violence incident. These requests were also denied by Dana Gavanditti.

35.    When Ms. Baker requested to potentially use the company's townhouse if she could not secure an apartment, the company later offered this accommodation, confirming that CEO Deborah Weber and VP Jackson Sims were aware of Ms. Baker's domestic violence situation, yet they failed to ensure she received proper accommodations and leave time.

36.    During this vulnerable time, Ms. Baker was forced to work and could only use one day of PTO, but was required to work throughout the entire day despite her request for personal leave of absence to address her safety and housing needs.

37.    Dana Gavanditti told Ms. Baker that she "needed to put what happened aside, it didn't matter and my feelings were not important," demonstrating callous disregard for Ms. Baker's status as a domestic violence victim and her need for workplace accommodations.

38.    Ms. Baker was also subjected to discriminatory treatment regarding her use of paid time off. From December 26, 2024, to January 3, 2025, Ms. Baker requested to use her accumulated PTO to visit family in Washington, D.C., but Dana Gavanditti forced her to take back the request and work half days so that Dana could take time off instead.

39.    On January 20, 2025, Ms. Baker requested PTO to meet with the State Attorney regarding her domestic violence case, but Dana forced her to work as she claimed she "did not feel well." Ms. Baker's PTO was still deducted even though she worked the entire day.

40.    From January 27-29, 2025, Ms. Baker had court summons for domestic violence proceedings. Dana Gavanditti tried to deny this time off through Microsoft Teams messages despite advance notice. Dana applied PTO for these days without Ms. Baker's consent when it should have been paid leave under Florida's domestic violence statute.

41.    On January 31, 2025, at 6:09 AM, Dana Gavanditti called Ms. Baker requesting that she modify Carlos Gaviria's employment application in ADP and Tenstreet to "cover up" his Clearinghouse status issue. This issue had not been properly addressed by Mayra Nolasco, leading to unauthorized approval of Mr. Gaviria as "cleared to hire" by the Compliance

department.

42.    When Ms. Baker refused to make these modifications, citing the illegality of altering employment records, Dana Gavanditti told her to "stay in your lane" and stated that Angela York would make the changes instead. This interaction was documented in Sims Crane emails between Ms. Baker, Dana Gavanditti, Angela York, and the compliance team.

43.    Throughout her employment, Ms. Baker reported over 25 violations of policy and procedure within the HR department to Dana Gavanditti, CEO Deborah Weber, and VP Jackson Sims. These violations included FLSA misclassifications, sexual harassment cover-ups, FMCSA driving regulation violations, union agreement violations, government contractor compliance issues, and safety violations.

44.    Specifically, Ms. Baker reported FLSA misclassifications to IT Director Todd and Finance Director Amy McCabe, and participated in a 2023 email chain with Deborah Weber addressing incorrect FLSA status of employees Debbie Rankin and Kimberly Jones. At least four employees (Kim Jones, Debbie Rankin, Jeremy Mangroo, and Joey Davis) were owed back pay for overtime hours in 2023 and 2024 due to misclassification as exempt employees.

45.    Ms. Baker also reported a sexual harassment complaint between Robert Harris and Aketha Williams that Dana Gavanditti and Angela York covered up, failing to report it to Deborah Weber as required by the Employee Handbook. When Ms. Baker notified Dana that she would escalate this issue to Deborah Weber and Jackson Sims per company policy, Dana threatened that if she escalated the matter, she would terminate Ms. Baker.

46.    Ms. Baker was also subjected to compensation discrimination. Despite being eligible, she was denied participation in the 2024 Management Bonus Program while other managers at the same level participated, including Stephanie Kaunas (Accounting Manager), Maxwell Olson, and Amy Connor (Operations Managers).

47.    Ms. Baker completed projects valued at $45,000, including an ADP recruitment portal, Affirmative Action Plan, and ADP performance review process, for which Dana Gavanditti received bonus compensation in three increments of $15,000 each. Ms. Baker received no additional compensation for this work.

48.    Ms. Baker received no additional compensation for taking on Recruiter job responsibilities for over six months, despite there being no

written policy excluding certain management positions from bonus eligibility.

49.    Ms. Baker's significant contributions included completing a Department of Labor I-9 audit independently, saving the company over $200,000 in fines; creating 85% of job descriptions for the entire company; handling HR processes for the SEQ to SCEC merger; serving as point of contact for collaboration and hiring of over 10 new employees with MLB & Associates; working with Dana Gavanditti on New Manager Training implementation; and collaborating with Michael Kuffermann for the successful launch of the Mechanic Tool Allowance program.

50.    On February 3, 2025, Ms. Baker filed a Short Term Disability claim with Guardian for her TBI symptoms, requesting 12 weeks at 60% pay. Her doctor submitted paperwork confirming the need for short-term disability from March 2025 through May 2025.

51.    That same day, February 3, 2025, Dana Gavanditti and Thomas Burke (Contracts Manager) called Ms. Baker into a termination meeting. Dana stated, "You are not going to see this coming but this is not working out, I'm going to have to let you go, effective today, due to performance, and you will receive a severance agreement."

52.    Ms. Baker responded during the meeting that "this is retaliation and discrimination" and "I was not being treated fairly as a disabled, minority female and that the disparate treatment and lack of consistency by Dana is discrimination."

53.    The termination was inconsistent, with Dana citing "performance" as the verbal reason but the written separation form designating "misconduct" as the reason. No supporting documentation existed for either the performance or misconduct designation.

54.    Ms. Baker was denied the opportunity to speak with executives including CEO Deborah Weber about her concerns, despite requesting this opportunity.

55.    The termination was conducted during working hours in front of the entire team and corporate staff in the hallway leading to the front door, designed to harass and humiliate Ms. Baker.

56.    The separation form was improperly approved by Annette Lakota, who lacked authority to approve terminations under company policy. Only the HR Manager, HR Director, or CEO had such authority.

57.    Ms. Baker was marked as ineligible for rehire in any position, further demonstrating the retaliatory nature of her termination.

58.    Following her termination, Dana Gavanditti engaged in post-termination retaliation by making malicious and defamatory statements about Ms. Baker's termination to branch managers. At least three branch managers contacted Ms. Baker about rumors being spread, which behavior was detrimental to Ms. Baker's ability to obtain new employment.

59.    As a result of the "misconduct" designation, Ms. Baker was unable to receive unemployment benefits and cannot use Defendant as a reference, further harming her employment prospects and causing additional financial hardship.

60.    The discriminatory treatment Ms. Baker endured demonstrates a pattern of discrimination based on her race, national origin, sex, and disability, as well as retaliation for her protected activities including reporting legal violations and requesting disability accommodations.

## COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### Race and National Origin Discrimination
### 42 U.S.C. § 2000e et seq.

61.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62.    Plaintiff is a 38-year-old biracial Chinese/Italian female.

63.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

64.    At all times material herein, Defendant employed, and continues to employ, fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e(b).

65.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

66.    At all times material herein, Defendant employed Plaintiff.

67.    Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors,

managers, and other persons and to protect Plaintiff from discrimination in the workplace.

68.    However, Plaintiff was subjected to discriminatory treatment at the hands of her supervisors, as more particularly alleged hereinabove because of her race and national origin as a biracial Chinese/Italian female.

69.    Plaintiff believed that her supervisors' offensive acts materially altered the terms and conditions of her employment. Further, a reasonable person would have found that the offensive acts of Plaintiff's supervisors materially altered the terms and conditions of Plaintiff's employment.

70.    Plaintiff did not welcome the offensive acts and did not directly or indirectly invite or solicit them by her own acts or statements.

71.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination against Plaintiff, but did not take prompt remedial action.

72.    Defendant violated Title VII by subjecting Plaintiff to discrimination because of her race and national origin by, among other things: denying her reasonable workplace accommodations that were granted to similarly situated non-minority employees; excluding her from the 2024 Management Bonus Program despite her eligibility while including

white employees in similar positions; denying her additional compensation for projects valued at $45,000 while her supervisor received bonus compensation for the same work; subjecting her to disparate treatment regarding paid time off and work schedules; and ultimately terminating her employment in a discriminatory manner.

73.     Further, Defendant failed to prevent and promptly correct workplace discrimination. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and discrimination failed to promptly take steps to correct this conduct.

74.     Instead, as more particularly alleged hereinabove, Defendant further perpetuated the discrimination by maintaining policies and practices that had a disparate impact on minority employees and by treating Plaintiff less favorably than similarly situated white employees.

75.     The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under Title VII.

76.    Defendant's actions constitute discrimination in violation of Title VII.

77.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on her race and national origin;

B.    Award sufficient remedial relief to make Plaintiff whole for the

individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem

equitable, just, and proper.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### Race and National Origin Retaliation
### 42 U.S.C. § 2000e et seq.

78.    Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 60 of this

Complaint as though fully set forth herein.

79.    Plaintiff is a 38-year-old biracial Chinese/Italian female.

80.    At all times material herein, Defendant employed Plaintiff and

Defendant was an "employer" within the meaning of Title VII.

81.    Moreover, Defendant is a "person" within the meaning of Title

VII, 42 U.S.C. § 2000e et seq.

82.    At all times material herein, Defendant employed Plaintiff.

83.    Plaintiff engaged in protected activity under Title VII by

reporting violations of policy and procedure, including discrimination based

on race and national origin, to her supervisors and company executives.

84.    Defendant subjected Plaintiff to adverse employment actions for

engaging in protected activity by terminating her employment, denying her

accommodations, and subjecting her to a hostile work environment.

85.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

86.    As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

87.    Defendant violated Title VII by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it and by terminating her employment in retaliation for her complaints about discriminatory treatment.

88.    Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

89.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of

statutory rights under Title VII.

90.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under Title VII, according to proof.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations by retaliating against Plaintiff for engaging in protected activity;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to

which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.  Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to Title VII;

D.  Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.  Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.  Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.  Grant such other and further relief as this Court may deem

equitable, just, and proper.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### Sex Discrimination
### 42 U.S.C. § 2000e et seq.

91.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

92.    Plaintiff is a 38-year-old female.

93.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

94.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a).

95.    At all times material herein, Defendant employed Plaintiff.

96.    Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

97.    However, Plaintiff was subjected to discriminatory treatment at the hands of her supervisors, as more particularly alleged hereinabove

because of her sex.

98.    Plaintiff believed that her supervisors' offensive acts materially altered the terms and conditions of her employment. Further, a reasonable person would have found that the offensive acts of Plaintiff's supervisors materially altered the terms and conditions of Plaintiff's employment.

99.    Plaintiff did not welcome the offensive acts and did not directly or indirectly invite or solicit them by her own acts or statements.

100.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination against Plaintiff, but did not take prompt remedial action.

101.    Defendant violated Title VII by subjecting Plaintiff to discrimination because of her sex by, among other things: denying her workplace accommodations that were granted to male employees in similar positions; excluding her from bonus compensation programs; denying her appropriate leave time for domestic violence-related matters despite legal protections; treating her differently regarding paid time off and work schedules compared to male employees; and ultimately terminating her employment based on her sex.

102.    Further, Defendant failed to prevent and promptly correct

workplace discrimination. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and discrimination failed to promptly take steps to correct this conduct.

103.   The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under Title VII.

104.   Defendant's actions constitute discrimination in violation of Title VII.

105.   As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on her sex;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused

by Defendant's discriminatory conduct and actions pursuant to
Title VII;

D.    Award Plaintiff all other damages available under Title VII,
including, but not limited to, the damages set forth above and
other economic losses proximately caused and allowable under
Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the
prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness
fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem
equitable, just, and proper.

## COUNT IV
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**Sex Retaliation**
**42 U.S.C. § 2000e et seq.**

106.    Plaintiff alleges, realleges, and incorporates by reference all
allegations set forth in each of the preceding Paragraphs 1 through 60 of this
Complaint as though fully set forth herein.

107.    Plaintiff is a 38-year-old female.

108. At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

109. Moreover, Defendant is a "person" within the meaning of Title VII, 42 U.S.C. § 2000e et seq.

110. At all times material herein, Defendant employed Plaintiff.

111. Plaintiff engaged in protected activity under Title VII by reporting sexual harassment incidents, including a complaint involving Robert Harris and Aketha Williams that Dana Gavanditti and Angela York covered up and failed to report to CEO Deborah Weber as required by the Employee Handbook.

112. Defendant subjected Plaintiff to adverse employment actions for engaging in protected activity by threatening termination if she escalated the sexual harassment complaint, denying her accommodations for domestic violence-related matters, and ultimately terminating her employment.

113. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

114. As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other

agents of Defendant and to protect Plaintiff from retaliation in the workplace.

115. Defendant violated Title VII by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it and by creating a hostile work environment in retaliation for her reports of sexual harassment.

116. Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

117. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under Title VII.

118. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the

capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under Title VII, according to proof.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations by retaliating against Plaintiff for engaging in protected activity;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.  Award compensatory damages to Plaintiff in an amount that

will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Disability Discrimination
### 42 U.S.C. §§ 12101-12213

119.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this

Complaint as though fully set forth herein.

120.   Plaintiff is a 38-year-old female who has been diagnosed with a traumatic brain injury sustained in January 2015, which causes migraines and other neurological symptoms.

121. At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

122. At all times material herein, Defendant employed, and continues to employ, fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of the ADA. 42 U.S.C. § 12111(5)(A).

123. Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

124. At all times material herein, Defendant employed Plaintiff.

125. Plaintiff's traumatic brain injury substantially limits one or more of her major life activities, including neurological functions and working, making her a qualified individual with a disability under the ADA.

126. Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and

other persons and to protect Plaintiff from discrimination in the workplace.

127. However, Plaintiff was subjected to discriminatory treatment at the hands of her superiors, as more particularly alleged hereinabove because of her disability.

128. Plaintiff believed that her superiors' offensive acts materially altered the terms and conditions of her employment. Further, a reasonable person would have found that the offensive acts of Plaintiff's superiors materially altered the terms and conditions of Plaintiff's employment.

129. Plaintiff did not welcome the offensive acts and did not directly or indirectly invite or solicit them by her own acts or statements.

130. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination against Plaintiff, but did not take prompt remedial action.

131. Defendant violated the ADA by subjecting Plaintiff to discrimination because of her disability by denying her reasonable accommodations including remote work arrangements, breaks for medical appointments, and modifications to her work environment to manage migraine symptoms, despite granting similar accommodations to non-disabled employees.

132. Further, Defendant failed to engage in the interactive process required under the ADA to determine reasonable accommodations for Plaintiff's disability and instead terminated her employment when she filed for short-term disability benefits.

133. Defendant failed to prevent and promptly correct workplace discrimination. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and discrimination failed to promptly take steps to correct this conduct.

134. Instead, as more particularly alleged hereinabove, Defendant further perpetuated the discrimination by failing to enter any type of interactive process to accommodate Plaintiff's disability-related needs.

135. The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the ADA.

136. Defendant's actions constitute discrimination in violation of the ADA.

137. As a direct, proximate and foreseeable result of Defendant's

aforementioned actions, inactions, and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA. 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, discriminating against Plaintiff based on her disability;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay

with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.     Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Retaliation
### 42 U.S.C. §§ 12101-12213

138.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

139.    Plaintiff is a 38-year-old female who has been diagnosed with a traumatic brain injury sustained in January 2015, which causes migraines and other neurological symptoms.

140.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

141.    Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

142.    At all times material herein, Defendant employed Plaintiff.

143.    Defendant subjected Plaintiff to adverse employment actions for seeking accommodations for her disability by denying her requests for remote work, flexible scheduling for medical appointments, and terminating her employment on the same day she filed for short-term disability benefits.

144.    The actions and inaction of Defendant, by and through the

conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

145.   As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

146.   Defendant violated ADA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

147.   Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

148.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under the ADA.

149.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to

suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the ADA, according to proof.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA. 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations by retaliating against Plaintiff for seeking accommodations for her disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate

nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to the ADA;

D.    Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Race and National Origin Discrimination
### Florida Statutes §§ 760.01-11

150.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

151.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

152.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

153.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

154.   Defendant, as Plaintiff's employer, was obligated to guard against the retaliation of Plaintiff and to protect Plaintiff from retaliation in the workplace.

155.   Plaintiff engaged in protected activity under the FCRA by: (a) complaining about discriminatory treatment based on her age and disability; (b) opposing discriminatory practices in the workplace; (c) asserting her rights under anti-discrimination laws; and (d) refusing to accept unlawful

discriminatory treatment.

156.   Defendant retaliated against Plaintiff for engaging in protected activity by: (a) escalating discriminatory treatment after her complaints; (b) subjecting her to increased scrutiny and hostility; (c) creating pretextual reasons for discipline; and (d) ultimately terminating her employment.

157.   Plaintiff believed that Defendant's retaliatory behavior materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Defendant's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

158.   Plaintiff did not welcome the offensive statements, acts, and retaliatory treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

159.   At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the retaliation suffered by Plaintiff, but did not take prompt remedial action to eliminate the retaliatory behavior.

160.   Defendant violated the FCRA by subjecting Plaintiff to retaliation and by failing to promptly correct it once it learned of it.

161. Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

162. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

163. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully

requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant
       has violated the FCRA by discriminating against Plaintiff based
       on her race and national origin;

B.     Award sufficient remedial relief to make Plaintiff whole for the
       individual loss that she has suffered because of Defendant's
       discrimination against her, including, but not limited to, front
       pay in lieu of reinstatement, full backpay with interest, pension
       and    related    benefits,   and    any    other    appropriate
       nondiscriminatory measures to overcome the effects of the
       discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will
       properly and completely compensate Plaintiff for the nature,
       extent, and duration of the injuries and damages caused by
       Defendant's discriminatory conduct and actions, pursuant to
       and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA,
       including, but not limited to, the damages set forth above and
       other economic losses proximately caused and allowable under

the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses,

and the costs of this action; and

G.    Grant such other and further relief as this Court may deem

equitable, just, and proper.

<u>COUNT VIII</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Race and National Origin Retaliation**
**Florida Statutes §§ 760.01-11**

164.  Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 60 of this

Complaint as though fully set forth herein.

165.  Plaintiff is a 38-year-old biracial Chinese/Italian female.

166.  At all times material herein, Defendant employed Plaintiff and

Defendant was and is an "employer" within the meaning of the FCRA.

167.  Defendant is a "person" within the meaning of the FCRA, §

760.02(6), Florida Statutes.

168.  At all times material herein, Defendant employed Plaintiff.

169.  Plaintiff engaged in protected activity under the FCRA by

reporting violations of policy and procedure, including discrimination based on race and national origin, to her supervisors and company executives.

170. Defendant subjected Plaintiff to adverse employment actions for engaging in protected activity by terminating her employment, denying her accommodations, and subjecting her to a hostile work environment.

171. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation under the FCRA.

172. As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

173. Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it and by terminating her employment in retaliation for her complaints about discriminatory treatment.

174. Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms,

conditions, or privileges of her employment with Defendant.

175. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

176. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for engaging in protected activity;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.  Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.  Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IX
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Sex Discrimination
### Florida Statutes §§ 760.01-11

177.  Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

178.  Plaintiff is a 38-year-old female.

179.  At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

180.  Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

181.  At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

182.  Defendant, as Plaintiff's employer, was obligated to guard against

the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

183. However, Plaintiff was subjected to discrimination because of her sex through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, who denied her equal treatment in compensation, workplace accommodations, domestic violence leave, and ultimately terminated her employment based on her sex.

184. Plaintiff believed that Defendant's discriminatory behavior materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Defendant's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

185. Plaintiff did not welcome the offensive statements, acts, and discriminatory treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

186. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the discrimination suffered by Plaintiff, but did not take prompt remedial action to eliminate the discriminatory behavior.

187. Defendant violated the FCRA by subjecting Plaintiff to discrimination because of her sex and by failing to promptly correct it once it learned of it.

188. Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

189. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

190. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her sex;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT X
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Sex Retaliation**
**Florida Statutes §§ 760.01-11**

191. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

192. Plaintiff is a 38-year-old female.

193. At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

194. Defendant is a "person" within the meaning of the FCRA, §

760.02(6), Florida Statutes.

195. At all times material herein, Defendant employed Plaintiff.

196. Plaintiff engaged in protected activity under the FCRA by reporting sexual harassment incidents, including a complaint involving Robert Harris and Aketha Williams that Dana Gavanditti and Angela York covered up and failed to report to CEO Deborah Weber as required by the Employee Handbook, and by requesting accommodations for domestic violence-related matters.

197. Defendant subjected Plaintiff to adverse employment actions for engaging in protected activity by threatening termination if she escalated the sexual harassment complaint, denying her accommodations and leave for domestic violence-related matters despite legal protections under Florida law, and ultimately terminating her employment.

198. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation under the FCRA.

199. As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other

agents of Defendant and to protect Plaintiff from retaliation in the workplace.

200. Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it and by creating a hostile work environment in retaliation for her reports of sexual harassment and requests for domestic violence accommodations.

201. Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

202. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

203. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the

capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for engaging in protected activity;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature,

extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.   Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.   Award Plaintiff pre- and post-judgment interest;

F.   Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.   Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT XI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Disability Discrimination
### Florida Statutes §§ 760.01-11

204. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

205. Plaintiff is a 38-year-old female who has been diagnosed with a

traumatic brain injury sustained in January 2015, which causes migraines and other neurological symptoms.

206. At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

207. Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

208. At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

209. Plaintiff's traumatic brain injury substantially limits one or more of her major life activities, including neurological functions and working, making her a qualified individual with a disability under the FCRA.

210. Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

211. However, Plaintiff was subjected to discrimination because of her disability through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, who denied her reasonable accommodations including remote work arrangements, breaks for medical appointments, and modifications to her work environment to manage migraine symptoms, despite granting similar accommodations to non-disabled employees.

212. Plaintiff believed that Defendant's discriminatory behavior materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Defendant's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

213. Plaintiff did not welcome the offensive statements, acts, and discriminatory treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

214. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the discrimination suffered by Plaintiff, but did not take prompt remedial action to eliminate the discriminatory behavior.

215. Defendant violated the FCRA by subjecting Plaintiff to discrimination because of her disability and by failing to promptly correct it once it learned of it.

216. Further, Defendant failed to engage in the interactive process required under the FCRA to determine reasonable accommodations for Plaintiff's disability and instead terminated her employment when she filed for short-term disability benefits.

217. Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

218. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

219. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but

not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will

properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT XII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Disability Retaliation
### Florida Statutes §§ 760.01-11

220. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

221. Plaintiff is a 38-year-old female who has been diagnosed with a traumatic brain injury sustained in January 2015, which causes migraines and other neurological symptoms.

222. At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

223. Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

224. At all times material herein, Defendant employed Plaintiff.

225. Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations for her disability, including remote work arrangements, flexible scheduling for medical appointments, and modifications to her work environment to manage migraine symptoms.

226. Defendant subjected Plaintiff to adverse employment actions for engaging in protected activity by denying her accommodation requests, forcing her to work during medical appointments, and terminating her employment on the same day she filed for short-term disability benefits.

227. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation under

the FCRA.

228. As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

229. Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it and by terminating her employment in retaliation for seeking disability accommodations.

230. Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

231. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

232. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to

suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for seeking accommodations for her disability;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the

retaliation she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT XIII
## VIOLATION OF FLORIDA WHISTLEBLOWER PROTECTION
### Retaliation

233. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this

Complaint as though fully set forth herein.

234. At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of applicable Florida whistleblower protection statutes.

235. Plaintiff engaged in protected whistleblowing activity by reporting over 25 violations of policy and procedure within the HR department to Dana Gavanditti, CEO Deborah Weber, and VP Jackson Sims, including FLSA misclassifications, sexual harassment cover-ups, FMCSA driving regulation violations, union agreement violations, government contractor compliance issues, and safety violations.

236. Specifically, on January 31, 2025, when Dana Gavanditti requested that Plaintiff modify Carlos Gaviria's employment application in ADP and Tenstreet to "cover up" his Clearinghouse status issue, Plaintiff refused citing the illegality of altering employment records, which constituted protected whistleblowing activity.

237. Plaintiff also reported FLSA misclassifications of at least four employees (Kim Jones, Debbie Rankin, Jeremy Mangroo, and Joey Davis) who were owed back pay for overtime hours in 2023 and 2024 due to misclassification as exempt employees.

238. Plaintiff reported a sexual harassment complaint between Robert Harris and Aketha Williams that Dana Gavanditti and Angela York covered up, failing to report it to Deborah Weber as required by the Employee Handbook.

239. Defendant subjected Plaintiff to adverse employment actions in retaliation for her protected whistleblowing activities, including threatening termination, denying accommodations, creating a hostile work environment, and ultimately terminating her employment.

240. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation under Florida whistleblower protection statutes.

241. As her employer, Defendant was obligated to protect Plaintiff from retaliation for engaging in protected whistleblowing activities.

242. Defendant violated Florida whistleblower protection statutes by retaliating against Plaintiff for reporting legal violations and refusing to participate in illegal activities.

243. Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms,

conditions, or privileges of her employment with Defendant.

244. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under Florida whistleblower protection statutes, according to proof.

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Florida whistleblower protection statutes by retaliating against Plaintiff for engaging in protected whistleblowing activities;

B. Award sufficient remedial relief to make Plaintiff whole for the

individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions;

D.    Award Plaintiff all other damages available under Florida whistleblower protection statutes, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT XIV
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## Unpaid Wages
## 29 U.S.C. § 201 *et seq.*

245. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

246. At all times material herein, Defendant was an "enterprise" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(r).

247. At all times material herein, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

248. At all times material herein, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

249. Throughout her employment, Plaintiff worked an average of 55 hours per week and was forced to work through lunch breaks every day despite her disability needs.

250. Plaintiff was denied proper compensation for overtime work and was not paid for all hours worked, including time worked during requested paid time off that was denied.

251. Specifically, on January 20, 2025, Plaintiff requested PTO to meet

with the State Attorney regarding her domestic violence case, but Dana forced her to work the entire day while her PTO was still deducted from her available time.

252. From December 26, 2024, to January 3, 2025, Plaintiff requested to use her accumulated PTO to visit family in Washington, D.C., but Dana Gavanditti forced her to take back the request and work half days so that Dana could take time off instead, resulting in unpaid work time.

253. Defendant failed to pay Plaintiff all wages due and owing for all hours worked, including overtime compensation at time and one-half her regular rate of pay for hours worked in excess of forty (40) hours per workweek.

254. Defendant's failure to pay proper wages was willful within the meaning of the FLSA.

255. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages in the form of unpaid wages and overtime compensation.

256. Plaintiff is entitled to recover her unpaid wages, overtime compensation, liquidated damages, reasonable attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, the Plaintiff, JAMIE L. BAKER, requests trial by jury of

all issues so triable as of right, demands judgment against the Defendant,

SIMS CRANE & EQUIPMENT CO., and in favor of Plaintiff, and respectfully

requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant
      has violated the FLSA by failing to pay Plaintiff proper wages
      and overtime compensation;

B.    Award Plaintiff all unpaid wages and overtime compensation
      due and owing, with interest;

C.    Award Plaintiff liquidated damages equal to the amount of
      unpaid wages and overtime compensation pursuant to 29 U.S.C.
      § 216(b);

D.    Award Plaintiff pre- and post-judgment interest calculated at the
      prevailing rate, as provided by law;

E.    Award Plaintiff her attorneys' fees, reasonable expert witness
      fees, and the costs of this action pursuant to 29 U.S.C. § 216(b);
      and

F.    Grant such other and further relief as this Court may deem
      equitable, just, and proper.

## COUNT XV
## Violation of Fla. Stat. § 741.313
## (Unlawful Action Against Employees Seeking Protection)

257.   Plaintiff, Ms. Baker, re-alleges and incorporates by reference Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

258.   Fla. Stat. § 741.313 prohibits employers from interfering with, restraining, or denying the exercise of rights granted under the statute, and from discharging, demoting, suspending, retaliating, or otherwise discriminating against an employee for exercising such rights.

259.   Fla. Stat. § 741.313(2) entitles employees who are victims of domestic violence to request and take up to three working days of leave in any 12-month period in order to, among other things, seek medical care, obtain services from victim service organizations, secure safe housing, or attend and prepare for court-related proceedings.

260.   On or about August 12, 2024, Plaintiff disclosed to Defendant that she was the victim of domestic violence and provided documentation, including a police report case number and domestic violence pamphlet.

261.   At that time, Plaintiff requested a one-week leave of absence to safely relocate pursuant to Fla. Stat. §§ 741.28 and 741.313.

262.   Defendant, through its agent Dana Gavanditti, denied Plaintiff's

request for leave despite her documented status as a victim of domestic violence.

263.    Plaintiff further requested additional leave and accommodations for medical appointments, relocation, and therapy related to the domestic violence incident. Defendant again denied these requests.

264.    Defendant required Plaintiff to continue working during this period and permitted her to use only one day of PTO, even while she was addressing urgent safety and housing concerns stemming from domestic violence.

265.    Defendant interfered with, restrained, and denied Plaintiff's exercise of her rights under Fla. Stat. § 741.313 by refusing to provide her the statutorily protected leave.

266.    Defendant further retaliated and discriminated against Plaintiff for seeking leave under Fla. Stat. § 741.313, including by subjecting her to disparaging remarks, forcing her to work during court-related domestic violence proceedings, and ultimately terminating her employment.

267.    As a direct and proximate result of Defendant's actions, Plaintiff suffered lost wages, lost benefits, emotional distress, reputational harm, and other damages.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award her:

A.    All wages, salary, employment benefits, and other compensation denied or lost because of Defendant's violation of Fla. Stat. § 741.313, including back pay and front pay as appropriate;

B.    Equitable relief, including reinstatement to her former position or front pay in lieu of reinstatement;

C.    Compensatory damages for emotional distress and mental anguish;

D.    Pre-judgment and post-judgment interest;

E.    Attorneys' fees and costs; and

F.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 4th day of September 2025.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407

Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Tiffany@ImlerLaw.com